IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ALEJANDRO MARTIN PONCE | § § § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-224 |
| ARI FLEET LT | § § § | |

## NOTICE OF REMOVAL OF DEFENDANT, ARI FLEET LT

**ARI FLEET LT**, a Defendant herein, removes this matter pursuant to 28 U.S.C. §1446 from the County Court at Law No. Six, Hidalgo County, Texas based on diversity jurisdiction as provided for in 28 U.S.C. §1332, and would respectfully show as follows:

1.    The Plaintiff is **ALEJANDRO MARTIN PONCE**.

2.    The Defendant is **ARI FLEET LT** (hereinafter "**ARI**").

3.    The Plaintiff filed in the state court Plaintiff's Original Petition and First Set of Discovery Requests on or about May 25, 2012 alleging, *inter alia*, to have been caused to sustain damages due to the alleged negligence of an alleged employee of the Defendant in causing an automobile accident on November 13, 2010.

4.    Pursuant to 28 U.S.C. §1446(b), the Defendant files this Notice of Removal within 30 days after receipt by the Defendant of Plaintiff's initial pleading.

## B. BASIS FOR REMOVAL

5.    Removal is proper under 28 U.S.C. §1332(a) upon the basis of complete diversity of citizenship between the Plaintiff, who alleges that he is a citizen of the State of Florida, and the Defendant, which is an entity duly organized and existing under the laws of the State of Delaware.

## C. ATTACHMENTS

6.      A copy of all pleadings, process, orders, and other filings in the state court suit are attached to this Notice as required by 28 U.S.C. §1446(a).

7.      This Defendant will promptly file with the clerk of the state court where this suit has been pending a Notice of this Removal.

## D. JURY DEMAND

8.      The Defendant respectfully requests, pursuant to F. R. Civ. P. 38, a trial by jury.

## E. CONCLUSION AND PRAYER

9.      Removal of this matter from the state court to this Honorable Court is proper on the basis of complete diversity of citizenship of the Plaintiff and the Defendant. This Notice of Removal has been filed in a timely manner.

10.      For these reasons, this suit is properly removable from the state court and the Defendant respectfully requests that this Court remove the suit to The United States District Court for the Southern District of Texas, McAllen Division.

Respectfully submitted,

By:   _____

**JAMES W. UPTON – Attorney in Charge**
State Bar No. 20411201
Federal ID No. 13316
**JOSEPH P. FINEGAN**
Federal Bar No. 33675
State Bar No. 24039569

**ATTORNEYS FOR DEFENDANT,
ARI FLEET LT**

OF COUNSEL,

**UPTON, MICKITS & HEYMANN, L.L.P.**
Frost Bank Plaza
802 N. Carancahua, Suite 450
Corpus Christi, Texas 78401
(361) 884-0612
(361) 884-5291 (Fax)

## CERTIFICATE OF SERVICE

The undersigned certifies that, pursuant to F. R. Civ. P. 5, a true and correct copy of the foregoing instrument was served upon the Attorneys of Record of all parties to the above cause on this the 10th day of July, 2012, by the method indicated below.

**JOSEPH P. FINEGAN**

**VIA ELECTRONIC FILING:**

Mr. Brian M. Hull
**THE GREEN LAW FIRM, P.C.**
34 S. Coria Street
Brownsville, Texas 78520

CAUSE NO. _CL-12-1605-A_

Copy

AT_____ FILED
_____ O'CLOCK _____

MAY 2 5 2012

ARTURO GUAJARDO JR., COUNTY CLERK
COUNTY COURT AT LAW NO._____ OF HIDALGO CO
BY_____ OF HIDALGO CO
_____ DEPUTY

| | | |
|---|---|---|
| ALEJANDRO MARTIN PONCE, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| VS. | § | AT LAW NO. ___1___ |
| | § | |
| ARI FLEET, LT, | § | |
| Defendant. | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY REQUESTS

TO THE HONORABLE JUDGE OF SAID COURT:

   *Comes Now* Alejandro Martin Ponce, hereinafter referred to as Plaintiff, complaining of and about ARI Fleet, LT, hereinafter referred to as Defendant, and for causes of action files this Plaintiff's Original Petition and First Set of Discovery Requests. In support thereof, Plaintiff respectfully shows unto the Court the following:

### A. Discovery Control Plan

   1.1   Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

### B. Parties and Service

   2.1   Plaintiff Alejandro Martin Ponce is an individual residing in Hiahleah, Miami-Dade County, Florida.

   2.2   Defendant ARI Fleet, LT is a foreign (Delaware) statutory truct, and is a company doing business in the State of Texas. Defendant may be served with process by serving its registered agent for service of process, Wilmington Trust Company, Rodney Square North, 1100 N. Market Street, Delaware (DE) 19890. Service of this Defendant will

be effected by certified mail, return receipt requested, by private civil process server.

### C. Jurisdiction and Venue

3.1     The statements above and below are incorporated and/or adopted here by reference as if set forth verbatim.

3.2     This Court has *in personam* jurisdiction over the Defendant because, at the time of the events and conditions giving rise to this lawsuit and/or at the time this lawsuit was filed, the Defendant was a resident of Texas, and/or was organized under the laws of Texas, and/or maintained a certificate of authority from the Texas Secretary of State to conduct business in Texas, and/or maintained a principal place of business in Texas, and/or maintained a registered agent in Texas, and/or was doing business in Texas, and/or solicited business in Texas from Texas residents, and/or marketed and advertised in Texas to Texas residents, and/or contracted in Texas with Texas residents, and/or committed torts in whole or in part in Texas, and/or recruited Texas residents for employment, and/or maintained continuous and systematic contacts with Texas, and/or is generally present in Texas, and/or otherwise has the requisite minimum contacts with Texas, has purposefully availed itself of the privileges and protections of Texas law, and could reasonably expect to be sued in Texas.

3.3     This Court has subject matter jurisdiction over this action because Plaintiff seeks damages within the Court's jurisdictional limits.

3.4     Venue is proper in Hidalgo County, Texas, pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Penitas, Hidalgo County, Texas.

### D. Facts

4.1     On or about November 13, 2010, Plaintiff Alejandro Martin Ponce suffered injuries and other damages when the vehicle he was operating was rear-ended by a 2009 Ford Fusion operated by Anna Mendiola Castillo and owned by Defendant ARI Fleet, LT. At the time of the collision Anna Mendiola Castillo was acting in the course and scope of her employment with Defendant ARI Fleet, LT.

### E. Cause of Action

5.1     The statements above and below are incorporated and adopted by reference as if set forth verbatim here.

### Count One - Negligence

5.2     At the time of the collision, Anna Mendiola Castillo was operating her vehicle negligently.  Anna Mendiola Castillo had a duty to exercise ordinary care and operate her vehicle reasonably and prudently.  Anna Mendiola Castillo breached that duty in one or more of the following ways:

      a.      Failing to control her speed;

      b.      Failing to timely apply her brakes;

      c.      Failing to yield the right of way;

      d.      Failing to maintain a proper lookout;

      e.      Driver inattention; and/or

      f.      Using a cellular device while operating a motor vehicle.

Anna Mendiola Castillo's negligence was a proximate cause of Plaintiff's injuries and damages.  At the time of the collision Anna Mendiola Castillo was acting in the course and

scope of her employment with Defendant ARI Fleet, LT

### F. Vicarious Liability/*Respondeat Superior*

6.1    The statements above and below are incorporated and adopted by reference as if set forth verbatim here.

6.2    At the time of the collision Anna Mendiola Castillo was an employee of Defendant ARI Fleet, LT, and was acting in the course and scope of her employment with ARI Fleet, LT  Plaintiff therefore invokes the doctrines of vicarious liability and/or *respondeat superior* against Defendant ARI Fleet, LT, holding Defendant ARI Fleet, LT responsible and liable for all of Anna Mendiola Castillo's negligent acts and omissions as stated herein.

### G.  Damages

7.1    Plaintiff seeks damages in an amount that is within the jurisdictional limits of ther Court.

### H. Conditions Precedent

8.1    All conditions precedent have been performed or have otherwise occurred.

### I. Request for Disclosure

9.1    Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendant ARI Fleet, LT disclose the information or material described in Rule 194.2(a) through (*l*) within fifty (50) days of the service of this Plaintiff's Original Petition and First Set of Discovery Requests.

### J. Discovery Requests

10.1    Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that

Defendant ARI Fleet, LT serve responses to the attached Plaintiff's First Set of Interrogatories and Requests for Production, attached hereto, within fifty (50) days of the service of this Plaintiff's Original Petition and First Set of Discovery Requests.

### K. Prayer

11.1    *Wherefore, premises considered*, Plaintiff Alejandro Martin Ponce respectfully prays that the Defendant ARI Fleet, LT be cited to appear and answer herein, and that Plaintiff have judgment against Defendant ARI Fleet, LT for the following:

    a.    Physical pain in the past and future;

    b.    Mental anguish in the past and future;

    c.    Physical impairment in the past and future;

    d.    Medical expenses in the past and future;

    e.    Physical disfigurement;

    f.    Lost wages;

    g.    Costs of suit;

    h.    Pre-judgment and post-judgment interest; and

    i.    All other relief, in law and in equity, to which Plaintiff may be justly
        entitled.

Respectfully submitted,

THE GREEN LAW FIRM, P.C.
34 S. Coria St.
Brownsville, Texas 78520
Telephone    : (956) 542-7000
Facsimile    : (956) 542-7026

By: _____
     BRIAN M. HULL
     State Bar No. 24047358
     JORGE A. GREEN
     State Bar No. 24038023

*ATTORNEYS FOR PLAINTIFF*

<u>PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS TO DEFENDANT</u>

*FIRST SET OF INTERROGATORIES TO DEFENDANT*

**INTERROGATORY NO. 1:**
Please state the positions held, general job descriptions, and lengths of employment of Anna Mendiola Castillo at the time of the collision in question.

<u>ANSWER:</u>

**INTERROGATORY NO. 2:**
Please state the full extent of any training, education, or experience concerning driving techniques or principles Anna Mendiola Castillo has received while employed by you.

<u>ANSWER:</u>

**INTERROGATORY NO. 3:**
If you are contending that Anna Mendiola Castillo was not acting in the course and scope of employment for you at the time of the collision, please state exactly why you are making such contention.

<u>ANSWER:</u>

**INTERROGATORY NO. 4:**
Please describe the background check with respect to driving history performed by you before hiring Anna Mendiola Castillo.

<u>ANSWER:</u>

**INTERROGATORY NO. 5:**
Please list all traffic accidents in which Anna Mendiola Castillo has been involved while employed by you (or before being employed by you if you were aware of the same before hiring Anna Mendiola Castillo ), including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents. The answer should include all traffic accidents, whether on duty or off duty.

<u>ANSWER:</u>

**INTERROGATORY NO. 6:**
Please give a description of all traffic violations for which Anna Mendiola Castillo has been cited while employed by you (or before being employed by you if you were aware of the same before hiring Anna Mendiola Castillo), including the date, city, county, state, offense alleged and ultimate disposition of such citation. The answer should include all traffic citations, whether on duty or off duty.

**ANSWER:**

**INTERROGATORY NO. 7:**
Do you contend that someone other than Anna Mendiola Castillo (including but not limited to Plaintiff) did or failed to do something that contributed to the collision. If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the accident.

**ANSWER:**

**INTERROGATORY NO. 8:**
Describe any defect that you believe, or have reason to believe, was present in the road or in the marking on the road that either caused or contributed to the collision in question.

**ANSWER:**

**INTERROGATORY NO. 9:**
Do you have information indicating, or any reason to believe that there was any defect or failure on the part of the vehicle Anna Mendiola Castillo was driving which in whole or in part was the cause of collision? If so, state the basis for such belief.

**ANSWER:**

**INTERROGATORY NO. 10:**
Do you contend that any personal injuries or damages sustained by the Plaintiff was caused by an occurrence other than this collision, such as a disease or physical condition, either before or after the incidents made the basis of this case? If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER:**

**INTERROGATORY NO. 11:**

Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred. Please indicate in your description the speed or estimated speed that the vehicle Anna Mendiola Castillo was driving at the time of the incident. Please include in your answer a diagram to indicate the location of the collision and the direction that the vehicles were traveling at the time of the collision.

**ANSWER:**

**INTERROGATORY NO. 12:**

Please state whether or not an insurer has denied coverage, or indicated that it is reserving its right to deny coverage, refuses to provide a defense, or refuses to pay all or part of any judgment, and, if so, please identify every document containing or referring to any such denial, refusal, or reservation of rights.

**ANSWER:**

**INTERROGATORY NO. 13:**

Please describe the background check with respect to driving history performed by you before hiring an employee or agent to operate a vehicle on behalf of ARI Fleet, LT.

**ANSWER:**

**INTERROGATORY NO. 14:**

At the time of the collision in question, what was the condition of the brakes, signaling devices, tires, and steering apparatus of said vehicle?

**ANSWER:**

**INTERROGATORY NO. 15:**

At the time of the collision, please state the nature of any job, tasks or undertaking which the operator, Anna Mendiola Castillo, was performing for this Defendant. In your answer please include the nature of the job task or tasks being performed, whether Anna Mendiola Castillo was on your payroll at the time of the collision in question, and the purpose of the trip being made.

**ANSWER:**

**INTERROGATORY NO. 16:**
Describe any information you have that leads you to believe or upon which you base any contention that the weather or any weather condition was a factor or contributed to this collision in any way.

**ANSWER:**

**INTERROGATORY NO. 17:**
Were there any obstructions to visibility for any of the operators of the vehicle involved in this collision at the time of or immediately before the collision in question that you contend was a factor or contributed to cause the collision in question?

**ANSWER:**

**INTERROGATORY NO. 18:**
Do you contend that the Plaintiff violated any traffic law at the time of or immediately prior to the collision in question?  If so, please describe either by statute number or generally what you contend to be such traffic law violations.

**ANSWER:**

**INTERROGATORY NO. 19:**
If you have alleged in your Answer that the collision in question was an "unavoidable accident," describe in detail what you contend to be the nonhuman agency or condition that was the cause of the collision to the exclusion of the conduct of any party to the event.

**ANSWER:**

**INTERROGATORY NO. 20:**
If you have alleged in your answer that someone else's conduct or some other condition or event was the "sole proximate cause" of the collision in question, describe in detail the identity of such other person, event, or condition.

**ANSWER:**

**INTERROGATORY NO. 21:**
Please indicate whether or not ARI Fleet, LT provided Anna Mendiola Castillo with a cellular phone or other wireless communications device for use by Anna Mendiola Castillo while on the job for ARI Fleet, LT.  If the answer is yes, please state the service provider,

service provider address, account number, and telephone number.

**ANSWER:**

**INTERROGATORY NO. 21:**
Please indicate whether or not Anna Mendiola Castillo was using a cellular phone or other wireless communications device when the subject collision occurred. This interrogatory applies to any cellular phone or wireless communications device being used by Anna Mendiola Castillo, whether provided by ARI Fleet, LT or not.

**ANSWER:**

### FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT

1. All photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

2. All photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

3. All photographs taken of the Plaintiff which may be in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

4. All pictures, motion pictures, movies, films, or photographic material of any kind taken of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

5.   All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products r the events and happenings made the basis of defendant's lawsuit taken before, during of after the accident in question which are in the possession, constructive possession, custody or control of the Defendant, Defendants' attorney or anyone acting on Defendants' behalf.

**RESPONSE:**

6.   All written statements made by the Plaintiff in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

7.   All oral statements made by the Plaintiff which was either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

8.   All written statements made by any witnesses to the accident that are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

9.   All oral, taped or recorded statements made by any witnesses to the accident that is the basis of Plaintiff's lawsuit which are in the possession, constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf.

**RESPONSE:**

10.   A copy of the policy or policies of liability insurance providing coverage to the Defendant on the date of the collision.

**RESPONSE:**

11.     A copy of all documents filed with any state, city, federal or governmental agency, institution or department containing information about the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

12.     A copy of all medical records, doctor or hospital records, reports or medical documents of any kind containing information about the Plaintiff and/or concerning the medical or physical condition of the Plaintiff which are in the possession, constructive possession, custody or control of the Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

RESPONSE:

13.     All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work products forms a basis either in whole or in part of the opinions of and expert who is th be called as a witness. (If the discoverable factual materials has not reduced to a tangible form, request is hereby made that the Defendant advise the Plaintiff accordingly and reduce such material to a tangible form).

RESPONSE:

14.     A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

RESPONSE

15.     Any and all copies of investigation documentation, report and/or memoranda made by or submitted to Defendant or anyone acting of Defendant's behalf, as a result of the automobile collision with Plaintiff which has been made the basis of Plaintiff's lawsuit.

RESPONSE:

16.     Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of defendants'

that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

**RESPONSE:**

17. Copies of estimates, invoices, and/or any other written documentation which was prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

**RESPONSE:**

18. Copies of any and all relevant documents, reports, and/or memorandum in Defendant possession which have resulted from the accident made the basis of Plaintiff's lawsuit.

**RESPONSE:**

19. Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing of Plaintiff's cause of action.

**RESPONSE:**

20. Copies of any and all tangible things whose production has not been requested previously in this or other request which Defendant does not intend to introduce into evidence at trial but may be used as demonstrative evidence at trial.

**RESPONSE:**

21. Please produce any and all photocopies of before and after pictures of your vehicle and Plaintiff's vehicle which were involved in the collision.

**RESPONSE:**

22. Please produce all documents that relate to, pertain to, lead up to, or otherwise concern lawsuits or claims filed by you or against you whether such lawsuit were litigated or settled. There shall be no limitation placed as to date of such lawsuits or claims.

**RESPONSE:**

23.   Please produce true and correct copy of the title to your vehicle that was involved in the collision

**RESPONSE:**

24.   Produce the cellular phone or other wireless communication device records for Anna Mendiola Castillo which cover the month that the collision the subject of this lawsuit occurred and have Anna Mendiola Castillo execute the attached "Authorization to Release Cellular Telephone Records."  This request applies to cellular phones and wireless communication devices either provided to Anna Mendiola Castillo by ARI Fleet, LT, or those used by Anna Mendiola Castillo for personal purposes while on the job for ARI Fleet, LT.

**RESPONSE:**

## **VERIFICATION**

THE STATE OF _____     §
                                          §
COUNTY OF_____     §


      BEFORE ME, the undersigned authority, a notary public, on this day personally appeared _____, who being by me duly sworn on his/her oath, deposed and said that he/she is duly qualified and authorized in all respects to make this Affidavit on behalf of ARI Fleet, LT; that he/she has read the above and foregoing answers to interrogatories; and every statement contained in the answers is within his/her knowledge, and is true and correct.


_____
Affiant

_____
Printed Name of Affiant

_____
Position with ARI Fleet, LT


      SUBSCRIBED AND SWORN TO BEFORE ME by the said _____, on this the _____ day of _____, 2012, to certify which witness my hand and official seal.


_____
Notary Public, State of Texas

_____
Printed/typed name of Notary

My Commission Expires:

_____

## AUTHORIZATION FOR WIRELESS COMMUNICATION DEVICE RECORDS

TO:_____   (Service Provider)

_____

_____   (Address of Service Provider)

RE:   **Anna Mendiola Castillo**

ACCOUNT NO._____

TELEPHONE NO._____(if different from account number)

TIME PERIOD OF RECORDS REQUESTED: <u>November 13, 2010</u>

     This is to authorize and direct the above named company who has issued, sold, rented, or leased any form of cellular, pager or other wireless communication device(s) and/or provided services to me, **Anna Mendiola Castillo**, to furnish the law firm of The Green Law Firm, PC, or any of its representatives, any and all billing and usage records related to the above account during the period indicated. Such records include, but are not limited to: detailed billing information, detailed call logs and/or calls placed and received (and the time of day or night and durations of the same), or any other information pertaining to the usage of my account during the time period referenced above. I hereby waive any privilege I have to said information.

     Signed the _____ day of _____, 2012.

_____
**Personal Representative for the Estate of Anna Mendiola Castillo, Deceased**

Records should be provided to:

**The Green Law Firm, PC**
c/o Brian M. Hull, Esq.
34 S. Coria Street
Brownsville, Texas 78520
Telephone   : (956) 542-7000
Facsimile    : (956) 542-7026



205 Raania
McAllen, TX. 78501

7012 0470 0001 3334 0881

ARI Fleet, LT.
Wilmington Trust Company
Rodney Square North
1100 North Market Street
Delaware, DE. 19890

US POSTAGE
$0680
POSTALIA 322642

# 0000001760

McALLEN
JUN.11.12
TX